O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE GIANNINI,<br>    Petitioner,<br>v.<br>SAN BERNARDINO SUPERIOR COURT,<br>    Respondent. | Case No. 5:23-cv-01304-JVS-KES<br><br>ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE |

**I.**

**BACKGROUND**

Louie Giannini ("Petitioner") has filed a petition for writ of habeas corpus. ("Petition" at Dkt. 1.) Although he does not explicitly state what convictions or sentences he is challenging, he discusses criminal court proceedings from 1996. (See, e.g., id. at 5.) He therefore appears to be challenging the 1997 convictions and sentence imposed in San Bernardino County Superior Court case no. FSB07496.[1]

---

[1] The Court takes judicial notice of the records of the San Bernardino County Superior Court, which are available online at: https://www.sb-

1

He argues that those convictions are illegal and unconstitutional because the trial court violated his Sixth Amendment right to counsel by: (1) "forcing" him to proceed pro se after a Faretta[2] hearing and without holding a competency hearing (Pet. at 5-6, 13-14), and (2) "forcing" appointed counsel to do the closing argument for Petitioner and represent him at the sentencing hearing, despite a "year-long conflict of interest" with Petitioner (id. at 20-21, 28-29). He also alleges that appointed counsel performed ineffectively. (Id. at 34-35.)

## II.
## DISCUSSION

Petitioner has already filed at least three federal habeas petitions under 28 U.S.C. § 2254 challenging these convictions, some of which raised similar or identical claims. Giannini v. Thompson, 2:09-cv-06357-JVS-VBK (C.D. Cal. Feb. 24, 2010) (dismissing petition as successive); Giannini v. Hartley, No. 5:09-cv-02253-JVS-VBK (C.D. Cal. Dec. 19, 2009) (dismissing petition as successive); Giannini v. Terhune, No. 2:01-cv-00647-DT-VBK (C.D. Cal. Oct. 4, 2002) (dismissing petition with prejudice).

Although the Petition states that it is brought under 28 U.S.C. § 2241 (see, e.g., Pet. at 3, 6), it is properly considered under 28 U.S.C. § 2254 because Petitioner is in custody under a state court criminal judgment and is challenging that judgment. See Phillips v. Davey, 659 F. App'x 933, 934 (9th Cir. 2016) (finding "the district court correctly construed [the] petition under § 2241 as one

---

court.org/divisions/civil-general-information/court-case-information-and-document-sales, as well as the records of prior federal cases. See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

[2] Faretta v. California, 422 U.S. 806 (1975) (holding that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so).

under § 2254 since [the petitioner] is 'in custody pursuant to the judgment of a State court'").

Generally, a petitioner may file only one § 2254 petition challenging a state court judgment. See 28 U.S.C. § 2244(b). "Second or successive" petitions are barred unless the petitioner successfully "moves in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. 28 U.S.C. § 2244(b)(3)(A). The court of appeals may grant such authorization if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

In the present case, Petitioner has filed multiple § 2254 petitions challenging the same 1997 judgment from the San Bernardino Superior Court, and he does not state that he has obtained authorization from the Ninth Circuit Court of Appeals to file a new § 2254 petition. Without such authorization, this Court lacks jurisdiction over the Petition. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

"If an unauthorized second or successive section 2254 petition … is submitted to the district court, the district court may, in the interests of justice, refer

it to the Court of Appeals." Ninth Circuit Local Rule 22-3(a).[3]  Here, however, a referral to the Ninth Circuit is not in the interests of justice.  Petitioner does not acknowledge that this is a successive petition or make any attempt to explain why his claims meet the test for authorizing successive petitions under 28 U.S.C. § 2244(b)(2).  If he wishes to seek Ninth Circuit authorization, he would need to file a new motion in the Ninth Circuit that addresses those issues.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that the Petition (Dkt. 1) and this action are DISMISSED without prejudice for lack of jurisdiction, and Judgment shall be entered accordingly.

DATED:  July 24, 2023

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge

---

[3] The Ninth Circuit Local Rules are available online at: https://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf.